# EXHIBIT B

## DECLARATION OF DANIEL WATKINS, ESQ IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Case 2:19-cv-00226-GMN-BNW   Document 28-3   Filed 03/25/20   Page 2 of 5

Daniel R. Watkins
Nevada State Bar No. 11881
DW@wl-llp.com
Brian S. Letofsky
Nevada State Bar No. 11836
Brian.Letofsky@wl-llp.com
Joseph M. Ortuno
Nevada State Bar No. 11233
jortuno@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Ste. 265
Las Vegas, NV 89123
Office:(702) 901-7553; Fax: (702) 974-1297
Attorneys for Defendant, Watkins & Letofsky, LLP

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMY BUCHANAN<br><br>Plaintiff,<br><br>vs.<br><br>WATKINS & LETOFSKY, LLP., a Nevada Limited Liability Partnership; and DOES 1-X, inclusive,<br><br>Defendant. | Case No.:  2:19-cv-00226-GMN-VCF<br><br>**DECLARATION OF DANIEL R WATKINS, ESQ. IN SUPPORT OF DEFENDENTS' MOTION FOR SUMMARY JUDGMENT** |

I, Daniel R. Watkins, declare and state as follows:

1. I am a Partner at Watkins & Letofsky, LLP, a Nevada Limited Liability Partnership and I base this Declaration on my personal knowledge unless otherwise stated to be based on information and belief. I am competent to testify as to all matters stated herein if called to do so.

2. I have been a partner at Watkins & Letofsky, LLP, a Nevada Limited Liability Partnership (hereinafter "W&L") since its inception.  As a partner, I have managed the operations of W&L in an equally shared capacity with my partner Brian Letofsky.  Mr. Letofsky and I have been involved with each decision related to the formation and operation of W&L. W&L is a Nevada limited liability partnership organized and operating under the state laws of Nevada.

**DECLARATION OF DANIEL R WATKINS, ESQ.**
-1-

3. As part of my job responsibilities, I also have knowledge of and access to personnel and payroll records maintained by W&L.

4. I have examined the originals of the flowing records and made or caused to be made a true and exact copy of the records as they are kept in ordinary course of business and at least that the reproduction of them, attached hereto, are true and complete copies that have no been modified or altered in any way.

5. Attached hereto as Exhibit E is a true and correct copy of the NERC Remedy Request dated September 01, 2018.

6. Attached hereto as Exhibit F is a true and correct copy of the Plaintiff's Resignation Letter dated September 2, 2016.

7. Attached hereto as Exhibit G is a true and correct copy of the e-mail correspondence regarding resignation.

8. Attached hereto as Exhibit H is a true and correct copy of the NVDETR employer's quarterly reports.

9. Attached hereto as Exhibit I is a true and correct copy of the payroll records for Amy Buchanan.

10. Attached hereto as Exhibit J is a true and correct copy of the combined employee count of W&L and Watkins & Letofsky, LLP, a California Limited Liability Partnership from Paychex. Regarding Exhibit J, W&L and Watkins & Letofsky, LLP, a California Limited Liability Partnership each used Paychex to service payroll for their employees. I have been a partner at Watkins & Letofsky, LLP, a California Limited Liability Partnership, a non-party to this action, since its inception. As a partner, I have managed the operations of Watkins & Letofsky, LLP, a California Limited Liability Partnership in an equally shared capacity with partner Brian Letofsky. Mr. Letofsky and I have been involved with each decision related to the formation and operation of Watkins & Letofsky, LLP, a California Limited Liability Partnership.

11. Exhibit J is a summary and multiple reports from Paychex containing a combined employee count for W&L and Watkins & Letofsky, LLP, a California Limited Liability Partnership during plaintiff's employment with W&L. This information is maintained in the

normal course of business. The combined employee count ranged from 9 to 13 during the entire time plaintiff was employed by W&L.

12. Plaintiff is a former employee of W&L. Plaintiff began working for W&L in April 2016 as an associate attorney. From April 2016 through September 2016, Plaintiff worked for W&L and received a salary of $65,000 per year. In September of 2016, due to various medical conditions, Plaintiff was no longer able to fulfill her duties as an associate attorney and voluntarily resigned from her position. Plaintiff voluntarily submitted a letter of resignation on September 2, 2016 with the intent to focus on her health.

13. In December 2016, Plaintiff returned to work for W&L. At that time, Plaintiff requested that she return to work for W&L at a part time schedule of 20 hours per week to account for her disability and its impact on her ability to work a full time schedule. W&L agreed to the request for a part time schedule and agreed to pay Plaintiff a salary of 50% of her prior salary, or $32,500.00 per year. In March 2017, Plaintiff's salary was increased to 80% of her original salary, or $52,000.00 per year.

14. At no time during Plaintiff's employment with W&L was it ever agreed that Plaintiff would be paid hourly.

15. In May 2017, Plaintiff stated to me that she needed "take a step back and focus on [her] health.". Plaintiff suggested that W&L "look for another attorney." In response, W&L placed plaintiff on an indefinite leave of absence.

16. At no time, did W&L terminate plaintiff's employment.

17. No written contract exists between Plaintiff and W&L.

18. W&L paid Plaintiff her salary throughout the entirety of her employment.

19. At no time did plaintiff qualify for a production bonus based on billable hours.

20. Upon her return in December of 2016, Plaintiff and W&L engaged in a back and forth discussion regarding her work schedule. Plaintiff requested a part time work schedule of 20 hours per week. W&L obliged. Plaintiff returned to her former position at a reduced schedule of 20 hours per week. Again in March of 2017 Plaintiff and W&L engaged in a back and forth discussion regarding her work schedule. Upon Plaintiff's request, W&L adjusted her work schedule to 32 hours

1 | per week. Again, in May of 2017, the parties again engaged in a back and forth dialogue after which
2 | Plaintiff determined she just could not perform her job under the medical restrictions. Plaintiff did not
3 | resign nor did W&L terminate plaintiff at this time. Instead, plaintiff was placed on indefinite leave
4 | of absence to allow her an opportunity to focus on health.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America and the State of Nevada that the foregoing is true and correct.

DATED this 25th day of March, 2020.     By:     */s/ Daniel R. Watkins*

Daniel R. Watkins