# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMY BUCHANAN,  )<br>  )<br>　　　　　　Plaintiff,  )<br>　　vs.  )<br>  )<br>WATKINS & LETOFSKY, LLP, a Nevada  )<br>Limited Liability Partnership,  )<br>  )<br>　　　　　　Defendant.  ) | Case No.: 2:19-cv-00226-GMN-VCF<br><br>**ORDER** |

Pending before the Court is Defendant Watkins & Letofsky, LLP's ("W&L") Motion for Summary Judgment, (ECF No. 28). Plaintiff Amy Buchanan ("Plaintiff") filed a Response, (ECF No. 33), and W&L filed a Reply, (ECF No. 34). Following Plaintiff's appeal to the United States Court of Appeals for the Ninth Circuit, the Court ordered supplemental briefing. (Mandate, ECF No. 49). Defendant filed a Supplemental Brief, (Def.'s Supp. Brief, ECF No. 52), and Plaintiff filed a Supplemental Brief (Pl.'s Supp. Brief, ECF No. 53).

For the reasons discussed below, the Court **DENIES without prejudice** W&L's Motion for Summary Judgment and **ORDERS** the parties to provide the newly assigned Magistrate Judge with a Proposed Discovery Plan and Scheduling Order by June 30, 2023, which shall include a new dispositive motion deadline.

## I.　　BACKGROUND

This case arises from Plaintiff's allegations of workplace discrimination, unpaid wages, and retaliation during her employment as an associate attorney with W&L, a Nevada limited liability partnership and law firm. (Watkins Decl. ¶ 2, Ex. B to Mot. Summ. J. ("MSJ"), ECF No. 28-3). The Court incorporates the background information and procedural history of this case from its Order granting W&L's Motion for Summary Judgment with respect to Plaintiff's

claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12101. (Order 1:15–3:20, ECF No. 42).  The Court determined Plaintiff's claims under the ADA failed as a matter of law because W&L's Nevada office had less than fifteen employees, and thus, was not a covered employee under the ADA. (*Id.* 6:2–10:19).  The Court's determination was predicated on its conclusion that W&L's Nevada office was not an integrated enterprise with its California affiliated firm: Watkins & Letofsky, a California Limited Liability Partnership ("W&L California"). (*Id.*).

Plaintiff appealed the Court's Order to the United States Court of Appeals for the Ninth Circuit. (Notice Appeal, ECF No. 43).  The Ninth Circuit reversed, finding that viewing the evidence in the light most favorable to Plaintiff, a jury could potentially find that W&L's Nevada and California offices were an integrated enterprise. (Memorandum at 7–8, ECF No. 46).  The Ninth Circuit remanded to this Court to determine whether W&L's two offices, even if viewed as an integrated enterprise, still had fewer than fifteen employees. (*Id.* at 9).  The parties then filed Supplemental Briefs on this issue, (ECF Nos. 52, 53), which the Court discusses below.

## II.   **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral*

*Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is

sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Orr v. Bank of America*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.  DISCUSSION

The parties dispute hinges on whether Susan Watkins and Nancy Letofsky, two individuals who worked for W&L, are considered employees or independent contractors. (*See generally* Def.'s Supp. Brief); (Pl.'s Supp. Brief).  Defendant's argument for why Susan Watkins and Nancy Letofsky should be considered independent contractors rests entirely on the factual assertions included in a declaration submitted by Daniel Watkins ("Watkins

Declaration"). (Def.'s Supp. Brief 4:23–27). In response, Plaintiff contends the Watkins Declaration is a "sham declaration" that should not be considered by the Court, and alternatively requests the Court "reopen discovery for the limited purpose of litigating this issue." (Pl.'s Supp. Brief 5:18–10:7).

Here, the Court agrees with Plaintiff that reopening discovery is necessary. Outside of the factual assertions within the Watkins Declaration,[1] the record is devoid of evidence showing whether Susan Watkins and Nancy Letofsky are independent contractors or employees. Out of an abundance of caution, and in order to minimize the risk of unnecessary future litigation, the Court will reopen discovery for the limited purpose of determining whether Susan Watkins and Nancy Letofsky were employees or independent contractors during the relevant time period.

///
///
///
///
///
///
///
///
///
///
///
///

---

[1] Because the Court independently finds reopening discovery is necessary, it takes no position on whether the Watkins Declaration is a "sham declaration."

IV.    **CONCLUSION**

**IT IS HEREBY ORDERED** that W&L's Motion for Summary Judgment, (ECF No. 28), is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to assign a new Magistrate Judge to this case.[2]  The parties will provide the newly assigned Magistrate Judge with a Proposed Discovery Plan and Scheduling Order **by Friday, June 30, 2023**, which shall include a new dispositive motion deadline.  W&L may refile its Motion for Summary Judgment following discovery, and in accordance with the new deadline provided in the parties Proposed Discovery Plan and Scheduling Order that is approved by the Magistrate Judge.

**DATED** this __16__ day of June, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[2] Reassignment is necessary because the Magistrate Judge currently assigned to this case conducted a Settlement Conference with the parties. (Mins. Proceeding Settlement Conference, ECF No. 41).